UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WALTER LEE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 17-CV-3096 |
| | ) | |
| STEVE P. BARTLETT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff filed this lawsuit after his release from prison, so his Complaint is not subject to a merit review pursuant to 28 U.S.C. § 1915A. However, a ruling is still needed on Plaintiff's petition to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to

state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

Plaintiff lists 12 defendants and describes many unrelated events which occurred while Plaintiff was out of prison and while Plaintiff was in prison in Jacksonville and Centralia. His allegations include the alleged revocation of his parole without procedural due process, his incarceration beyond his out-date, a deficient prison law library, the denial of hygiene supplies, inadequate dental treatment, retaliation, illegal search and seizure, false or unfair disciplinary reports, an improper strip search, and unconstitutional conditions of confinement.

These claims are not properly joined in one action. "A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)("Unrelated claims against different defendants belong in different suits . . .") The federal rules allow the joinder of defendants in claims arising from same transaction or occurrence or unrelated claims against the same defendant. Fed. R. Civ. P. 18,

20. That all of the alleged adverse events occurred during Plaintiff's incarceration or are related to his incarceration does not mean those events "arise out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Plaintiff also does not explain how each Defendant was personally involved in causing the adverse events.

Additionally, Plaintiff states that he has filed a lawsuit about some of these same allegations in the Illinois Court of Claims, a federal habeas action, and a case in Vermilion County Circuit Court about the calculation of his sentence. If rulings in those actions determined the merits of those claims, then Plaintiff may not relitigate the claims here or appeal those rulings to this Court.

Plaintiff's complaint will be dismissed, with leave to file an amended complaint limiting his claims to those arising out of the same transaction or occurrence and explaining how each defendant was involved in that transaction or occurrence. For example, Plaintiff's claim about his dental treatment would likely be against the dentist and could not be combined with Plaintiff's claim about wrongful discipline, over which the dentist has no control. If Plaintiff's amended complaint involves claims already ruled on by

other courts, Plaintiff should attach those rulings to his amended complaint.

IT IS ORDERED:

(1) Plaintiff's complaint is dismissed without prejudice to filing an amended complaint by May 22, 2017, in accordance with this order.

(2) Plaintiff's motion for appointed counsel is denied with leave to renew after he has made reasonable efforts to find counsel on his own. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

ENTERED: May 4, 2017

FOR THE COURT:     \_\_**s/Sue E. Myerscough**\_\_\_\_\_
                          SUE E. MYERSCOUGH
                   UNITED STATES DISTRICT JUDGE